Van Brunt, P. J.
Although we might well base our decision in this case upon the evident fact that the plaintiffs have adopted the name of the “ International Banking Company” for the purpose of deceiving the public into the-belief that such “ International Banking Company ” is a corporation organized under the laws of this State for banking purposes, and that persons dealing with it have-that security which the law exacts from such corporations, and that, therefore, the plaintiff’s do not come into court with clean hands, and the court ought not to lend its aid to- *96 .a perpetration of such imposition, it may be proper to con•sider the question involved upon its merits.
That rights may be acquired in words in connection with a trade or business where such words are arbitrary, and have no signification in respect to the nature, kind or quality ■of business or goods sold, is well settled ; but words having relation to the business cannot be seized upon and appropriated.
Hone of the words sought to be protected are arbitrary. 'The plaintiffs deal in foreign and domestic securities, with persons mostly of foreign birth. They represent themselves as doing a banking business, and therefore they attempt to .describe their business by the use of the words “ international banking ”—“ international,” because they deal in both foreign and domestic securities, and with foreign customers—“ banking,” because, they do a business such as is usually included in a banking business.
These words are clearly descriptive and were intended :So to be, of the business claimed to be conducted, and being -such they cannot be appropriated. If they are not descriptive, then they were used for the purpose of deceiving the public into the belief that such was the nature of the business carried on, and as has before been said, the court •.should not lend its aid in order that the plaintiffs may have the exclusive right to continue this imposition.
Hone of the cases cited in any way countenance the exclusive right of the plaintiffs to the use of words of the -character sought to be protected in this action.
These words, although they may have been in common >use, were used arbitrarily in , the trademark protected, and in no way were descriptive of the kind or quality of the .goods or business to which they were applied. Upon the other hand, as has been seen, the words used by the plaint riffs were plainly intended to be descriptive of the business rsupposed to be done by the plaintiffs.
The judgment appealed from should be reversed and a *97 new trial ordered, with costs to the appellants to abide the event.
Brady and Daniels, JJ., concurred.